# EXHIBIT B

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| PINK FLOYD (1987) LIMITED, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:24-cv-03279 |
| v. | ) | |
| | ) | Hon. Judge Martha M. Pacold |
| THE PARTNERSHIPS AND NINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | ) | |
| | ) | |
| | ) | |
| | ) | Mag. Judge Beth W. Jantz |
| | ) | |
| Defendants. | ) | |

**Defendant parthimpex's Reply in Support of its Emergency Motion for Modification of the Asset Restraint and Opposition to Preliminary Injunction**

Defendant No. 186 parthimpex (the "Defendant"), by and through its undersigned counsel, moves this Court, on an emergency basis, to reduce the amount of the asset restraint, and to oppose the entry of a preliminary injunction as to it (the "Motion"). In further support thereof, parthimpex states as follows:

1.	On May 16, 2024, at 11:00 am CST, the Court held a hearing (the "Hearing") on the Motion, which was attended by the Defendant, its counsel, and counsel to the Plaintiffs.

2.	The Court scheduled a video hearing for May 20, 2024, to allow the Defendant to present testimony in support of the Motion.

3.	The parties attempted to agree to an acceptable reduction in the amount of the asset restraint without success.

## REPLY

1.	**Under Controlling Precedent, the Asset Restraint is Limited to an Accounting of Profits: $4,531.**

During the Hearing, Plaintiff's counsel expressed his suspicion that the Defendant managed a massive counterfeiting operation. It so happens that it does not. The Defendant has one

Amazon storefront where it conducts 99.9% of its sales, and a storefront on Walmart.com that has never produced significant revenue. The product in question was only advertised on Amazon. Devendra Gupta and parthimpex are precisely the kind of defendants who are innocently caught up in these massive "Schedule A" cases, and whether the Plaintiff makes a profit off of this or the hundreds of other defendants listed in this case is not the concern of the Defendant or the Court.

The relative sophistication of the Defendant, however, is window dressing. Whether the Defendant's operations are vast or insubstantial, the controlling law in this District mandates that a preliminary injunction is limited to the equitable relief sought by the movant. In this case, the equitable relief sought is an accounting of profits. It is not relevant whether the alleged infringer is a large or small operator, the limit on the asset restraint is limited to the profits earned by the letter of the law issued by the United States Supreme Court in *Grupo Mexicano de Dessarrolo v. Alliance Bond Fund*, 527 U.S. 308, 333 (1999), and confirmed by the Seventh Circuit in *CSC Holdings, Inc. v. Redisi*, 309 F.3d 988, 996 (7th Cir. 2002); *Micnerski v. Sheahan*, 2002 WL 31415753, at \*1 (N.D. Ill. Oct. 25 2002) ("federal district courts do not have the power to grant preliminary injunctions to prevent a defendant from transferring assets in which no lien or equitable interest is claimed").

As stated in the Motion and supported by the Declaration of Devendra Gupta, parthimpex sold 2,832 of the allegedly infringing product. (Dkt. #27-1, at ¶13.) The product was initially listed on Amazon on March 10, 2023 and removed in November 2023, i.e., the Defendant is not currently selling the product and has not sold any of the product since November 2023, when it first received an indication that the product was subject to someone's intellectual property rights.

Defendant sold the product for $16.99, which resulted in total gross revenue in the amount of $48,166.65. Defendant paid the following expenses which reduced the amount of

actual profit generated by the product:

| Expense | Revenue | Profit |
|---|---|---|
| $2.42/unit (AMZ commission) | $16.99-$2.42 | $14.57 |
| $5.40/unit (AMZ FBA fee) | $14.57-$5.40 | $9.17 |
| $4.54/unit (shipping India-USA) | $9.17-$4.54 | $4.60 |
| $0.51/unit (cost of paper - 8 Sheet) | $4.63-$0.51 | $4.12 |
| $2.27/unit (cost of printing - 8 Print) | $4.12-$2.27 | $1.85 |
| $0.25/unit (cost of labor) | $1.85-$0.25 | $1.60 |

(The product was printed on Fujifilm Revoria Press PC1120, which is one of the best paper available in India for digital printing; 350 gsm Pindo Art Card Golden Coin in 13"x19" size, 9 images/Print, so it required 8 print & paper to make 1 unit of 72pc collage.)

**Total Profit: 2,832 units sold x $1.60 profit/unit = $4,531**. *See* Exhibits A (Amazon costs and ad campaign), B (shipping costs), C (paper costs), and D (printing costs), attached hereto. After adding in advertising costs, parthimpex very likely lost money on this product. *See* Ex. A (.

Therefore, the amount of the asset restraint under *Grupo Mexicano* is limited to, at a maximum, $4,531. The Court has discretion to reduce that amount based on the harm being suffered by the Defendant, relative to the complete lack of harm being suffered by the Plaintiff – *the Defendant stopped selling the product six months ago*. Therefore, Defendant parthimpex requests that this Court reduce the restraint to $4,531 or less.

2. **Plaintiff has Not Made any Attempt to Comply with the Requirements of the Illinois Attachment Act.**

There is good reason why the Court has not addressed requests for an asset freeze under the Illinois Attachment Act (the "Attachment Act") in other "Schedule A" cases, and that is because the Attachment Act requires the plaintiff to comply with certain procedural requirements, which the Plaintiff has not even attempted to and is not likely to satisfy. *See Thompson Corrugated Systems, Inc. v. Engico*, Case No. 20-cv-122-JPG, 2022 WL 3083188, at *1 (S.D. Ill. Aug. 3, 2022). First, the Attachment Act requires plaintiff to comply with the state statute's affidavit

3

requirements, 735 ILCS 5/4–104. Next, a plaintiff must comply with the Attachment Act's mandatory bonding requirement set forth in 735 ILCS 5/4-107–109. Finally, the Attachment Act requires a plaintiff to serve defendants after entry of a court order of attachment. 735 ILCS 5/4–112, and 127. Copies of the relevant statutes are attached as Group Exhibit E.

In this Case, Plaintiff has not made any attempt to meet any of the requirements of the Attachment Act. The Court likely has not confronted this issue in "Schedule A" cases because the plaintiff's primary goal is often to make a profit on the case by freezing the defendants' assets and using that asset freeze as leverage to negotiate profitable settlements. If the Plaintiff in this Case is serious about obtaining a prejudgment attachment against the Defendant's Amazon account under Illinois state law, it is welcome to do so, but it has not made any attempt to comply with the law's requirements at this point, and its asset restraint pursuant to Illinois state law must be denied. Simply trying to "pull a fast one" on the Defendant and the Court by citing state law is insufficient, to put it mildly.

WHEREFORE, Defendant parthimpex respectfully requests that this Court direct the Plaintiff to instruct Amazon to reduce the amount of the asset restraint to an amount of $4,531 or less, as this Court deems just and equitable under the circumstances.

Respectfully submitted,


 /s/ Patrick M. Jones
One of the Attorneys for
Defendant parthimpex


**AEGIS Law**

Patrick M. Jones (IL #6271256)
Christopher A. Thornton (IL #6239332)
Caroline Devereux
Willis Tower
233 South Wacker Drive, 44th Floor

Chicago, Illinois 60606
Tel: (312) 329-0010
Email: pjones@aegislaw.com
Email: cthornton@aegislaw.com
Email: cdevereux@aegislaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was served via United States District Court ECF System on this 19th day of May, 2024 to all counsel of record.

/s/ Caroline Devereux